IN RE May 15, 2001 MUNICIPAL PRI-MARY for the Republican Nomination of Candidates for Township Treasurer and Township Commissioner in Kennedy Township, Allegheny County, Pennsylvania—Contest Petition.

Appeal of Anna R. Bayer, Joseph W. Bayer, Roberta Bayer, Amy Marie Celedonia, John C. Celedonia, Carole Hunkele, Donald Hunkele, Paul A. Lachowicz, Anna Lang, Irene O. Less, Raymond J. Less, Jeanne M. Marshall, Robert L. Marshall, Colleen Moses, Robert A. Muha, Jr., Donald A. Naples, Bonita M. Parent, Carmen Parent, Deborah Parent, Margaret Parent, Nadine G. Parent, Mary Pongratz, Paulette K. Pongratz, Craig Wendel, Patricia A. Wendel, Marilyn L. Young.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 2001.

Decided Oct. 19, 2001.

Robert M. Owsiany, Pittsburgh, for appellants.

James P. Coletta, Carnegie, for appellees.

Before McGINLEY, and SMITH, Judges, and FLAHERTY, Senior Judge.

McGINLEY, Judge.

Anna R. Bayer and twenty-five other registered electors[1] (collectively, Appellants) of Kennedy Township, Allegheny County appeal an order of the Court of Common Pleas of Allegheny County (common pleas court) that sustained the preliminary objections of Tony Perri, John R. Amrhein, Henry Hattman, III, and James A. Vlasach (collectively, Appellees) and dismissed Appellants' contest petition.

On June 4, 2001, Appellants filed a contest petition and alleged:

1. Petitioners [Appellants] are qualified electors in their respective election districts (seven total) within Kennedy Township, Allegheny County, Pennsylvania.... There are a minimum of three Petitioners [Appellants] from each election district.

2. On May 15, 2001 a Municipal primary ... was held to nominate Republican candidates for the offices of Kennedy Township Treasurer (one to be nominated) and Kennedy Township Commissioners (three to be nominated).

3. The unofficial results of the Republican Primary for Kennedy Township Treasurer show Tony Perri with 265 votes and Robert A. Muha, Jr. with 264 votes.

4. The unofficial results of the Republican Primary for Kennedy Township Commissioners (three to be nominated) are Henry Hattman III with 314 votes, James Vlasach with 296 votes, James Amrhein with 283 votes, Bonnie Wendel

Parent with 279 votes and Colleen Moses with 266 votes.

5. Upon information which they consider reliable, Petitioners [Appellants] believe that fraud or error, although not manifest on the general return of votes made therefrom, was committed in the computation of the votes cast for the Republican Nomination for Township Treasurer and Township Commissioners in District 1, 2, 3, 4, 5, 6, and 7 of Kennedy Township, or the marking of both the Republican and Democratic absentee ballots, or otherwise in connection with such ballots.

6. On June 4, 2001, Petitioners [Appellants] filed a Petition for Opening and Recount of Absentee Ballots, Recanvassing of Voting Machines, and Recount of Votes in the Kennedy Township Republican primary, pursuant to section 1701–1703 of the Election Code, 25 P.S. §§ 3261–3263.

7. The conduct of the Republican primary in Kennedy Township was illegal, in part because of the following:

(a) On or about May 23, 2001, the Allegheny County Election Divisions ... conducted a review of the absentee votes in Kennedy Township District 2. Although there were only three outer envelopes for Republican voters, there were five Republican ballots voted. There were 16 Democratic outer envelopes, but only 14 Democratic ballots. Accordingly, either two Democratic electors illegally voted in the Republican primary, or some third party illegally substituted

---

[1]. The twenty-five registered electors are as follows: Joseph W. Bayer; Roberta Bayer; Amy Marie Celedonia; John C. Celedonia; Carole Hunkele; Donald Hunkele; Paul A. Lachowicz; Anna Lang; Irene O. Less, Raymond J. Less; Jeanne M. Marshall; Robert L. Marshall; Colleen Moses; Robert A. Muha, Jr.; Donald A. Naples; Bonita M. Parent; Carmen Parent; Deborah Parent, Margaret Parent; Nadine G. Parent; Mary Pogratz; Paulette K. Pongratz, Craig Wendel; Patricia A. Wendel; and Marilyn L. Young.

illegal Republican absentee votes for two Democratic absentee votes.

(b) On or about June 1, 2001, the Election division opened two Republican absentee ballots from electors who had been challenged as to residency, Greg and Judith Deczkowski. That challenge was denied by the Election Division on May 29, 2001 and no appeal from that determination was taken. When the Deczkowski's [sic] absentee ballot [sic] were opened, they contained two Democratic primary ballots. It is illegal for registered Republicans to vote in a Democratic primary.

(c) The outer envelopes of the Deczkowski's [sic] challenged absentee ballots had been improperly opened prior to June 1, 2001 despite their being challenged on May 15, 2001.

(d) The voting machine counters were not correctly recorded on the return sheet prepared by the election board in Kennedy Township District 2, and perhaps in other districts.

(e) Contrary to the Pennsylvania Election Code, absentee ballots were opened by one or more election boards in Kennedy Township prior to the 8:00 p.m. closing time of the polls.

(f) Upon information and belief, Petitioners [Appellants] aver that Republican primary voters were illegally assisted in voting, i.e. their ballots were cast by someone other than themselves.

(g) Upon information and belief, Petitioners [Appellants] aver that persons who were not properly enrolled and duly registered members of the Republican Party voted in the Kennedy Township Republican primary.

(h) Upon information and belief, Petitioners [Appellants] aver that persons who do not reside in Kennedy Township voted in the Republican primary at polling places located in Kennedy Township in contravention of the Pennsylvania [E]lection [C]ode.

. . . .

9. Because of the fraud, error, and illegality involved in the May 15, 2001 Kennedy Township Republican municipal primary, it is impossible to separate the lawful ballots from the unlawful ballots. Moreover, because the Republican nomination for Township Treasurer was decided by one vote, and the final Republican nomination for Township Commissioner by four votes the possibility exists that the fraud and error may have altered the outcome of the election. Accordingly, the Kennedy Township Republican municipal primary should be voided and a new election ordered pursuant to section 1764 of the Election Code, 25 P.S. § 3464.

Petition Contesting Republican Nominations of Candidates for Kennedy Township Treasurer and Commissioners, June 4, 2001, Paragraphs 1–7 and 9 at 4.

Appellees preliminarily objected and moved to quash and asserted:

2. The Petition filed is defective and, therefore, this Court does not have jurisdiction for the following reasons:

(a) the original Petition confers no jurisdiction since it joins two candidates for different offices in one petition;

(b) eight of the Petitioners [Appellants] are registered Democratic electors and thus have no standing to contest an election in which they did not and could not participate in. . . . These Democrats did not and could not participate in the Republican primary which is the subject of this election contest;

(c) with the elimination of the Democratic Petitioners [Appellants], the Petition was not brought on behalf of 20 qualified electors who participated in the May 15, 2001 Republican primary;

(d) the original Petition to Contest the Election was filed with 20 affiants alleging that they are the Petitioners [Appellants]. Five of the original affiants on the Petition: Anna Jane Bayer, Anita R. Bayer, Joseph W. Bayer, Paul A. Lachowicz and Deborah Parent—out of the 20 are registered Democrats and not eligible to participate in the Republican primary;

(e) the Petition is defective because all the affiants did not personally appear before the notaries and did not receive the oath as required under the Notary Public Law as well as the Election Code. Thus, the Court has no jurisdiction.

3. The Court lacks jurisdiction because the original petition was filed with six affidavits by the petitioners [Appellants] which were signed by registered [D]emocrats. . . . As partisan Democrats, they are not eligible to participate or vote in the Republican primary. These individuals, therefore, do not have standing to contest the Republican primary. Partisan Democratic electors would have no interest nor any ability to participate in the Republican primary. One cannot bring an action in which one does not have an interest. It is axiomatic that partisan members of a different party should not be allowed to contest a partisan primary election of another political party. This would open the floodgates to mischief by rival parties.

Therefore, the affidavits of the five above-named Democrats should be stricken and, thus, the Petitioners [Appellants] fail to have the requisite number of 25 qualified electors in the Republican primary. Hence, the Court lacks the jurisdiction to hear the Petition.

Preliminary Objections and Motion to Quash, July 17, 2001, Paragraphs 2 and 3 at 1–2.

The common pleas court sustained the preliminary objections and concluded that "[a] primary election contest requires 20 registered electors who voted in the primary so contested" and that "[t]he election contest was brought on behalf of 19 Republican electors and 8 Democratic electors . . . [t]hus, this Court lacks subject matter jurisdiction. . . ." Order of the common pleas court, July 27, 2001, at 1.

■ On appeal Appellants contend that the term "twenty registered electors" in Section 1751 of the Pennsylvania Election Code (Election Code)[2], 25 P.S. § 3431 does not require that the electors voted on that same party's ballot in the municipal primary election.

■ Initially, we note that "the Election Code is to be liberally construed so that candidates running for office are not deprived of that right, nor are voters deprived of the right to elect the candidate of their choice." *In Re Williams*, 155 Pa. Cmwlth. 494, 625 A.2d 1279 (1993).

Section 1751 of the Election Code (Jurisdiction) provides that "[c]ases of the fifth class shall be tried and determined upon petition of twenty registered electors, as hereinafter provided, by the court of common pleas of the county in which such contested election was held." Also, Section 102(u) of the Election Code, 25 P.S. § 2602(u) defines the term "registered and enrolled member of a political party" as "*any qualified elector who shall be registered according to political designation,* in

---

**2.** Act of June 3, 1937, P.L. 1333, *as amended.*

accordance with the provisions of the registration acts." (emphasis added). Lastly, Section 102(r) of the Election Code, 25 P.S. § 2602(r) defines the terms "primary" or "primary election" as "any election held for the purpose of electing party officers and nominating candidates for public offices to be voted for at an election."

The question whether the "registered electors" referred to at Section 1751 of the Election Code must be members of either the Republican or Democratic party, rather than a combination of both, in order to contest a primary election has not been directly addressed by our Pennsylvania courts. However, this Court's decision in *In Re Pasquay*, 105 Pa.Cmwlth. 532, 525 A.2d 13 (1987) provides insight on the resolution of the issue.

In *Pasquay*, Joan Krajewski (Krajewski) was the incumbent city council person for the Sixth District of Philadelphia and a candidate for reelection to that office on the Democratic ballot in the primary election. Krajewski challenged "the nomination petition of Kevin Pasquay [ (Pasquay) ], the Republican candidate in the Republican Party primary election for the same office." *Id.* at 13. The sole issue for this Court's determination was whether a Democrat has standing to challenge a Republican nomination petition in a primary election.

This Court noted:

Appellant [Krajewski] is not a registered Republican and, therefore, is not eligible to vote in the Republican primary election. Pennsylvania maintains a system of strictly partisan primary elections. Our anti-party raiding legislation provides that only registered electors of a particular party may participate in that party's candidate selection process. No cross-over voting is permitted. Only registered and enrolled members of a party may sign the nominating petitions of party candidates, and even the right to circulate a candidate's petition is strictly limited to members of that political party. Therefore, the conclusion is inescapable that while voting members of a particular political party do have a substantial interest in assuring Election Code compliance of the candidates in that party's primary election, non-members, who are not eligible to participate in any manner, do not have such a substantial interest.

There can no question that every voting member of the citizenry of Pennsylvania maintains an interest in assuring Election Code compliance from *all* candidates for *all* elected offices within the state. *The factor that elevates the general interest of each registered voter to one that is sufficiently substantial to confer standing to challenge a candidate's nomination petition is that voter's eligibility to participate in the election.*

*The election at issue in this case is a Republican primary. Therefore, Appellant [Krajewski], being a registered Democrat, is ineligible to participate in the election. As such, she maintains no greater interest in the Republican primary than any of the general citizenry and therefore does not have standing to challenge the Republican candidate's nomination petitions.* (footnotes omitted and emphasis in original and added). *Id.* at 14.

■ Here, there is no question that the Republican municipal primary election was distinctly separate from the Democratic municipal primary election and that registered Republicans and Democrats may only vote in their respective primary elections. The only practical interpretation of Section 1751 of the Election Code, when there is a petition that challenges an election result of either a Republican or Demo-

cratic primary, is that the challenge must be lodged by twenty "registered electors" of their respective party. Because the contest petition was filed by nineteen registered electors of the Republican Party and seven registered electors of the Democratic Party the required number of twenty "registered electors" was not satisfied. The common pleas court properly concluded that it did not have jurisdiction.[3]

Accordingly, we affirm.

### ORDER

AND NOW, this 19th day of October, 2001, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.

3. Because the common pleas court lacked subject matter jurisdiction, this Court need not address the merits of Appellants remaining arguments: (1) that the common pleas court's interpretation of the Election Code violates free speech and equal protection of the United States and Pennsylvania Constitutions; (2) that Appellants were denied the opportunity to establish that Appellees engaged in conduct designed to intimidate an intended twentieth registered petitioner; (3) that Appellants were denied the opportunity to amend their petition; (4) that the common pleas court abused its discretion when it denied discovery depositions; and (5) that Appellants were entitled to obtain Democratic absentee ballots in order to have the signatures reviewed by a handwriting expert.