**Constantine N. POLITES, Petitioner**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2007.

Decided June 11, 2007.

Constantine N. Polites, petitioner, pro se.

Patricia T. Wiedt, Asst. Counsel and Frank B. Wilmarth, Deputy Chief Counsel, Harrisburg, for respondent.

Thomas T. Niesen, Harrisburg, for intervenor, Aqua Pennsylvania, Inc.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge PELLEGRINI.

Constantine N. Polites (Complainant) appeals *pro se* from an order of the Pennsylvania Public Utility Commission (Commission) dismissing his complaint against Aqua Pennsylvania, Inc. (Provider) because it lacked jurisdiction to adjudicate his complaint regarding the testing of backflow devices.

Complainant operated a commercial warehouse and because of his commercial use of water, was required to install and maintain on his main service line a backflow prevention device approved by Provider. This device was used to isolate contaminants or pollutants within Complainant's water system which could potentially backflow through his service connection and into the public water supply system. To ensure the proper functioning of the backflow devices, Provider's tariff (Tariff) required an annual inspection of the devices by a certified tester at the customer's expense.[1] Although any per-

---

1. The Tariff provision provides, in pertinent part:

[Aqua] shall have the right, upon reasonable notice and at reasonable times, to conduct surveys and investigations of water use and practices at the Customer's premises to determine whether there are actual or potential cross-connections in the Customer's water system through which contaminants or pollutants could back flow into the public water system ... The procedure for installation and maintenance of such device shall be in conformance with all federal, state and local municipal ordinances, rules and regulations if such exist and shall be in compliance with the Pennsylvania Safe Drinking Water Act and the regulations promulgated thereunder. In addition, the Customer shall be required, at such Customer's expense, to comply with the testing and overhauling requirements of the Company for such devices. The Company may authorize persons (with appropriate training or certification) to inspect premises, perform installations and testing of such

son could become a tester, to be certified, an individual must have completed a 40–hour training course and passed a written examination and field test.[2]

Disputing the Tariff's testing method, Complainant filed a complaint against Provider and requested that Provider amend the Tariff to exempt commercial consumers, whose operations are similar to residential users, from the annual testing scheme because residential consumers were not required to undergo backflow device testing. In place of the certified testing, Complainant proposed that small commercial consumers assume personal liability for the maintenance and annual testing of the devices. He suggested that testing could be performed by visually inspecting the function of the backflow valve by reversing the flow of water, thereby eliminating the need for a certified tester. Provider timely filed an answer and new matter wherein it denied the allegations in the complaint and noted that its backflow device testing was required to be completed by a certified tester in accordance with the requirements of the Department of Environmental Protection (Department). After a hearing before an Administrative Law Judge (ALJ) where Complainant testified regarding his disagreement over the Tariff's required testing method, his complaint was dismissed because the Commission lacked jurisdiction.

■ The ALJ reasoned that although the Commission has jurisdiction over the backflow device itself, 66 Pa.C.S. §§ 1501 and 1505; *see also Lansdale Borough v. Philadelphia Electric Co.*, 403 Pa. 647, 170 A.2d 565 (1961), what was involved here was not the backflow device, but testing for water purity which was statutorily regulated by the Pennsylvania Safe Drinking Water Act[3] (Act) and the Federal Safe Drinking Water Act.[4] He stated that enforcement of these statutes was vested in the Department and the Environmental Protection Agency. The ALJ further noted that when water purity or quality was compromised, the Commission was only able to certify to the Department a question of fact about the purity of water supplied by a public utility. 66 Pa.C.S. § 318(b).[5] Because the Commission lacked jurisdiction, the ALJ dismissed Complainant's complaint, and Complainant filed exceptions with the Commission. The Commission denied Complainant's exceptions and adopted the ALJ's decision that the backflow testing required by the Tariff was based upon water quality requirements of the Department, and the Commission was without jurisdiction to adjudicate issues of water quality. This appeal by Complainant followed.[6]

special devices or make corrections of adverse conditions.

2. Provider did not organize the courses and examination, but rather the American Society of Sanitary Engineering or the New England Water Works Association were responsible for coordinating the tester training.

3. Act of May 1, 1984, P.L. 206, *as amended,* 35 P.S. §§ 721.1–721.17.

4. 42 U.S.C. §§ 300j–330j–10

5. Section 318(b) of the Public Utility Code provides:

PURITY OF WATER SUPPLY—The commission may certify to the Department of Environmental Resources any question of fact regarding the purity of water supplied to the public by any public utility over which it has jurisdiction, when any such question arises in any controversy or other proceeding before it, and upon the determination of such question by the department incorporate the department's findings in its decision.

6. Our scope of review of a Pennsylvania Public Utility Commission's decision is limited to determining whether constitutional rights have been violated, whether an error of law

Without addressing the issue of whether the Commission lacked jurisdiction, Complainant again argues that small commercial consumers should be exempt from backflow device testing, and a visual inspection of the device performed by a non-certified individual with minimum mechanical skills is sufficient to ensure its functionality. However, unless we determine that the Commission erroneously concluded that it lacked jurisdiction, we may not address Complainant's substantive argument. *In re May 15, 2001 Municipal Primary,* 785 A.2d 146 (Pa. Cmwlth.2001).

At issue is not whether Provider improperly required Complainant to install a backflow device on his main supply line, but the means in which the device is required to be tested to ensure appropriate functionality. The basis for this testing is to maintain quality and purity in the public water supply system by maintaining proper operation of the backflow valve. It is apparent, then, that Complainant is not objecting to any service of Provider's, but the requirements necessary to provide suitable water quality. *See Rovin v. Pennsylvania Public Utility Commission,* 94 Pa.Cmwlth. 71, 502 A.2d 785 (1986).

In Pennsylvania, pursuant to Section 5 of the Act, 35 P.S. § 721.5, the task of preserving water quality and monitoring for contaminants is within the authority of the Department. Any matters affecting water quality, such as the testing of backflow devices, are within its jurisdiction, not the Commission's, whose utilities provide water service. As such, the Commission properly dismissed Complainant's complaint for lack of jurisdiction.[7]

Accordingly, the order of the Commission is affirmed.

### ORDER

AND NOW, this *11th* day of *June,* 2007, the order of the Pennsylvania Public Utility Commission, No. C–20055157, is affirmed.

---

has been committed, or whether findings of fact and conclusions of law are supported by substantial evidence. *UGI Utilities, Inc.-Gas Division v. Public Utility Commission,* 878 A.2d 186 (Pa.Cmwlth.2005).

7. Because we have determined that the Commission lacked jurisdiction to adjudicate Complainant's complaint, we will not address his substantive arguments.